IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00263-MR

| | |
|---|---|
| **MELVIN LEE LUCKEY,** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> **ERIK A. HOOKS, Secretary of** ) <br> **Department of Public Safety,** ) <br> ) <br> Respondent. ) <br> _____) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on initial review of the *pro se* Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1].

## I. BACKGROUND

Melvin Lee Luckey (the "Petitioner") is a prisoner of the state of North Carolina. On June 4, 2013, the Petitioner was found guilty in Union County Superior Court on two counts of attempted first-degree murder; two counts of robbery with a dangerous weapon; one count of conspiracy to commit robbery with a dangerous weapon; and one count of possession of a firearm by a felon. The Petitioner was sentenced to a term of 342 to 420 months for each count of attempted first-degree murder, 111 to 143 months for the first count of robbery with a dangerous weapon, 139 to 176 months for the

second count of robbery with a dangerous weapon, 55 to 75 months for conspiracy to commit robbery with a dangerous weapon, and 27 to 33 months for possession of a firearm by a felon. The trial court ordered all sentences imposed to be served consecutively.

The Petitioner appealed to the North Carolina Court of Appeals. State v. Luckey, 765 S.E.2d 555, *1 (N.C. App. 2014) (table). On October 7, 2014, the North Carolina Court of Appeals affirmed the trial court's decision. Id.

The Petitioner filed a Petitioner for Discretionary Review ("PDR") in the North Carolina Supreme Court. On December 18, 2014, the North Carolina Supreme Court denied the Petitioner's PDR. State v. Luckey, 367 N.C. 804, 766 S.E.2d 642, 643 (2014).

On January 12, 2015, the Petitioner filed a Motion for Appropriate Relief ("MAR") in the Union County Superior Court. See Luckey v. Perry, No. 3:15-cv-00100-FDW, 2015 WL 11120683, at *1 (W.D.N.C. Mar. 10, 2015) (Whitney, C.J.) (describing the MAR proceedings).[1] The Union County Superior Court denied the Petitioner's MAR. Id.

The Petitioner filed a Petition for Writ of Certiorari to the North Carolina Court of Appeals. Id. On February 12, 2015, the North Carolina Court of Appeals denied the Petitioner's Petition for Writ of Certiorari. Id.

---

[1] The instant habeas petition does not mention the 2015 MAR proceedings.

2

Case 3:20-cv-00263-MR   Document 5   Filed 10/05/20   Page 2 of 6

On March 2, 2015, the Petitioner filed a § 2254 petition in this Court, asserting that insufficient evidence was presented at trial to show that he was the "getaway driver" during the course of the crimes and that his trial counsel was ineffective for failing to object to the court's "acting-in-concert" instruction to the jury. Id. On March 10, 2015, this Court denied the Petitioner's habeas petition on the grounds that his claims were procedurally defaulted. Id. at *3 (citation omitted). The Court denied a certificate of appealability. Id.

The Petitioner appealed the denial of his § 2254 petition to the Fourth Circuit Court of Appeals. Luckey v. Perry, 603 F. App'x 208, 209 (4th Cir. 2015) On May 19, 2015, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. Id.

On May 4, 2020, the Petitioner filed the present § 2254 Petition for Writ of Habeas Corpus, asserting that there was insufficient evidence at trial to support the conspiracy to commit robbery with a dangerous weapon charge. [Doc. 1]. The Petitioner asks the Court to vacate his conviction on the conspiracy charge and to appoint counsel to represent him. [Id. at 15].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expressly limits a petitioner's ability to attack the same criminal judgment in

multiple collateral proceedings. If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another habeas petition challenging the same state criminal judgment unless he has obtained permission to do so from the appropriate federal court of appeals. See 28 U.S.C. § 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

As noted above, the Petitioner previously filed a § 2254 petition challenging his convictions, and this Court dismissed that petition as procedurally defaulted. Luckey v. Perry, No. 3:15-cv-00100-FDW, 2015 WL 11120683, at *3 (W.D.N.C. Mar. 10, 2015) (Whitney, C.J.), dismissed, 603 F. App'x 208 (4th Cir. 2015). "[A] dismissal 'on grounds of procedural default . . . renders a subsequent § 2254 petition . . . "second or successive" for purposes of the AEDPA.'" Gandarilla v. Artuz, 332 F.3d 182, 186 (2d Cir. 2003) (quoting Carter v. United States, 150 F.3d 202, 205-06 (2d Cir. 1998)); see also Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002) (stating that "a dismissal for procedural default is a dismissal on the merits."), abrogated on other grounds by Skinner v. Switzer, 562 U.S. 521 (2011). Accordingly, the

4

Petitioner's habeas petition is an unauthorized successive petition under § 2244(b).

The Petitioner has not demonstrated that he has received authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive habeas petition challenging his convictions. See 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court lacks jurisdiction to consider the merits of the instant habeas petition, and it must be dismissed. See Burton, 549 U.S. at 153.

The Court will deny the Petitioner's request for the appointment of counsel. [Doc. 1 at 15]. There is no constitutional right to counsel in Section 2254 proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas proceeding if it finds that "that the interests of justice so require." See also Rule 6(a) of the Rules Governing Section 2254 Proceedings (providing that the court may authorize discovery for good cause and appoint an attorney to assist in discovery). Because this matter will be dismissed, the Court will deny the Petitioner's request to appoint counsel.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)

(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1) The Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** as an unauthorized, successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3);

(2) The Petitioner's request for appointment of counsel [Doc. 1 at 15] is **DENIED**; and

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: October 3, 2020

Martin Reidinger
Chief United States District Judge